COMPOSITE EXHIBIT "A"

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I. CASE STYLE

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u> COUNTY, FLORIDA

Case No.: _____
Judge: _____

<u>Aaron Timberlake</u>
Plaintiff

vs.

<u>Carnival Corporation</u>
Defendant

---

### II. TYPE OF CASE

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**III.**   **REMEDIES SOUGHT** (check all that apply):
- ☒   Monetary;
- ☒   Non-monetary declaratory or injunctive relief;
- ☒   Punitive

**IV.**   **NUMBER OF CAUSES OF ACTION:** (     )
(Specify)

<u>6</u>

**V.**   **IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐   Yes
- ☒   No

**VI.**   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒   No
- ☐   Yes – If "yes" list all related cases by name, case number and court:

**VII.**   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒   Yes
- ☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Anthony Vincent Falzon</u>          FL Bar No.: <u>69167</u>
          Attorney or party                                                              (Bar number, if attorney)

<u>Anthony Vincent Falzon</u>          <u>09/28/2018</u>
          (Type or print name)                                    Date

Filing # 78624840 E-Filed 09/28/2018 06:04:57 PM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:

AARON TIMBERLAKE,

     Plaintiff,

vs.

CARNIVAL CORPORATION,
a foreign for profit corporation,

     Defendant,

_____/

## COMPLAINT

Aaron Timberlake (hereinafter "Timberlake" or "Plaintiff"), by and through his undersigned counsel, hereby files suit against Carnival Corporation (hereinafter "Carnival" or "Defendant") and states as follows:

### NATURE OF ACTION

1.    This is an action brought against the Defendant for damages in excess of fifteen thousand dollars ($15,000.00) and injunctive relief pursuant to the Florida Civil Rights Act - Fla. Stat. 760.10 ("FCRA") and the Americans with Disabilities Act - 42 U.S.C.§ 12101 ("ADA").

1

2.     Jurisdiction of this court is invoked because the Defendant has its main office in Miami-Dade County, Florida and carries on business in Miami-Dade County, Florida.

## THE PARTIES

3.     At all times pertinent hereto, Plaintiff, Timberlake, has been a resident of Broward County, Florida and was employed by Defendant, Carnival.

4.     Carnival is a foreign for profit corporation and is and at all material times hereto, was doing business in Miami-Dade County, Florida.

5.     At all times pertinent to this action, Carnival, has been an "employer" as that term is used under the applicable laws identified above.   Carnival was Timberlake's employer as it relates to these claims.

## CONDITIONS PRECEDENT

6.     Timberlake has satisfied all conditions precedent to bringing this action.

## GENERAL FACTS

7.     Timberlake was employed by Carnival as a disc jockey beginning in May, 2012 and continued to work with Carnival until he was terminated in July of 2015.

8.     Timberlake is a person with a disability in that he has been diagnosed with and suffers from mood disorder, a mental illness that brings severe high and low

2

moods and changes in sleep, energy, thinking and behavior.

9.      In May of 2012 prior to being hired by Carnival, Timberlake underwent an extensive background check including a medical fitness examination in which he disclosed that he had a past history of anxiety and depression and that he took medication as needed.

10.     Timberlake also provided medical documentation to Carnival in which his family physician at the time certified that Timberlake had a past history of anxiety and insomnia.

11.     As a result Carnival wrote to Timberlake on May 21, 2012 to inform him that the results of his medical fitness examination had revealed "the following pre-existing medical condition: History of anxiety and depression on medication as needed" and that consequently

> "Since you have a pre-existing condition, which did not manifest during your service of a Carnival Cruise Lines vessel, you will not have medical coverage for treatment/medication for this condition and any associated complications from Carnival Cruise Lines.
>
> Any additional medical evaluations and testing you may need as a result of the pre-existing condition will be your responsibility. If necessary, the Medical Center staff will assist with any logistical arrangements in the event you need to leave the ship to attend shoreside medical appointments."

12.     Timberlake worked for Carnival without incident until the end of

3

May/beginning of June, 2015 when he was scheduled to work as a disc jockey on board two back to back seven night Western Caribbean cruises.

13.    Timberlake was required to work a 73 hour week in which he was required to work until 3 a.m. and be awake at 10 a.m. the next morning to prepare for his new shift. Timberlake complained to his supervisor explaining to his supervisor that he was tired and that the sleep deprivation was disrupting his circadian rhythmn and affecting his mood disorder.  Timberlake's supervisor summarily dismissed his concerns.

14.    On the first night of the second cruise Timberlake had a nervous breakdown and began experiencing extreme anxiety which manifested itself in an altered mood and behavior.

15.    When Timberlake did not show up to prepare for his night shift at 9:15 p.m. a search party was sent out to locate him.  They found him engaged in conversation with a female passenger who Timberlake had mistaken for an old friend due to his altered mood.

16.    Timberlake was taken to the ship's doctor where he was diagnosed with mood disorder and sedated.  He was then forcibly confined to his tiny windowless cabin for the remainder of the seven night cruise.  A security guard was stationed outside the door of his cabin and prohibited him from leaving his cabin to exercise or

to go on deck to breathe some fresh air.

17.    Timberlake became very distressed by his forced confinement to his windowless cabin and on one occasion when he began protesting his forced confinement he was forcibly restrained and medically sedated against his will.

18.    When the ship returned to the United States he was put on full medical leave for the purposes of having a full psychiatric evaluation and treatment.  Carnival required Timberlake to share all of his medical records relating to his past and current medical treatment with the Crew Medical Coordinator.   Timberlake underwent psychiatric care and medical treatment for his condition and on July 20, 2015 Timberlake informed the Crew Medical Coordinator at Carnival that his treating physician had approved his return to work and would be forwarding the necessary paperwork.

18.    On the very next day Timberlake received a letter dated July 14, 2015 from the Crew Medical Coordinator in which the Crew Medical Coordinator falsely claimed that when Timberlake had applied for employment he had "denied any prior history of any mental or anxiety disorders or treatment for any such conditions" and that as a result he was being terminated for his "failure to accurately and completely disclose your prior medical history".

## ADA and FCRA REQUIREMENTS

5

19. Carnival, at all times material hereto, was an "Employer" as that term is defined by the ADA and the FCRA and employed fifteen (15) or more employees for purposes of coverage under the ADA and the FCRA.

20. Timberlake's mood disorder is a permanent condition that limits one or more of his major life activities, and Timberlake is an individual with a disability/handicap within the meaning of the ADA/FCRA.

21. Timberlake was an individual who was regarded by Carnival as having a physical or mental impairment that substantially limits one or more of his major life activities.

22. Timberlake has a record of mental impairment that substantially limits one or more of his major life activities which Carnival had knowledge of.

23. Timberlake was qualified for his position, with or without a reasonable accommodation and capably performed his job duties with Carnival.

24. Timberlake, after his employment was terminated was replaced with and/or his duties assigned to an employee(s) without a disability.

**COUNT ONE - VIOLATION OF FLORIDA CIVIL RIGHTS ACT
DISABILITY DISCRIMINATION**

25. Timberlake re-alleges Paragraphs 1 through 14 of this Complaint as though stated herein in full.

26.   Timberlake engaged in protected activity by requesting a reasonable accommodation in the form of a shorter work day to allow him sufficient sleep so as not to bring an onset of his mood disorder.

27.   Timberlake further engaged in protected activity when took a leave of absence at his employer's insistence in order to undergo evaluation and adjustments to his medications in order to be able to return to work in good state of mental health.

28.   Carnival unlawfully discriminated against Timberlake by forcibly imprisoning him against his will, terminating his employment because of his disability, his perceived disability and/or his record of disability, including but not limited to his need for reasonable accommodations, his requests for reasonable accommodations because of his disability and/or his expected future needs for accommodations because of his disability all in violation of the FCRA.

29.   Carnival's actions displayed intentional misconduct and/or gross negligence in that either Carnival had actual knowledge of the wrongfulness of its conduct and the high probability that damage to Timberlake could result, and despite that knowledge, intentionally pursued a course of conduct resulting in Timberlake's injuries and damages, or Timberlake's conduct was so reckless and wanton in care that it constitutes a conscious disregard or indifference to the rights of Timberlake.

30.   As a direct and proximate result of Carnival's discriminatory actions,

Timberlake suffered the loss of employment, loss of income, loss of fringe benefits, and suffered and continues to suffer emotional distress, humiliation, great expense, embarrassment and damage to his reputation.

## COUNT TWO - VIOLATION OF THE AMERICANS WITH DISABILITY ACT - DISABILITY DISCRIMINATION

31.     Timberlake re-alleges Paragraphs 1 through 24 of this Complaint as though stated herein in full.

32.     Timberlake engaged in protected activity by requesting a reasonable accommodation in the form of a shorter work day to allow him sufficient sleep so as not to bring an onset of his mood disorder.

33.     Timberlake further engaged in protected activity when took a leave of absence at his employer's insistence in order to undergo evaluation and adjustments to his medications in order to be able to return to work in good state of mental health.

34.     Carnival unlawfully discriminated against Timberlake by forcibly imprisoning him against his will, terminating his employment because of his disability, his perceived disability and/or his record of disability, including but not limited to his need for reasonable accommodations, his requests for reasonable accommodations because of his disability and/or his expected future needs for accommodations because of his disability all in violation of the FCRA.

8

35.     Carnival's actions displayed intentional misconduct and/or gross negligence in that either Carnival had actual knowledge of the wrongfulness of its conduct and the high probability that damage to Timberlake could result, and despite that knowledge, intentionally pursued a course of conduct resulting in Timberlake's injuries and damages, or Timberlake's conduct was so reckless and wanton in care that it constitutes a conscious disregard or indifference to the rights of Timberlake.

36.     As a direct and proximate result of Carnival's discriminatory actions, Timberlake suffered the loss of employment, loss of income, loss of fringe benefits, and suffered and continues to suffer emotional distress, humiliation, great expense, embarrassment and damage to his reputation.

## COUNT THREE - FALSE IMPRISONMENT

37.     Timberlake re-alleges Paragraphs 1 through 24 of this Complaint as though stated herein in full.

38.     Carnival without legal authority unlawfully detained Timberlake against his will in his windowless cabin thereby depriving him of his liberty.

39.     Said imprisonment was unreasonable and unwarranted under the circumstances/

40.     As a direct and proximate result of Carnival's actions, Timberlake suffered and continues to suffer emotional distress, humiliation, embarrassment and

9

damage to his reputation.

## COUNT FOUR - ASSAULT

41.     Timberlake re-alleges Paragraphs 1 through 24 of this Complaint as though stated herein in full.

42.     Carnival's actions in forcibly restraining and sedating Timberlake caused him to apprehend immediate harmful or offensive contact with his person.

43.     Carnival forcibly restrained and sedated Timberlake intending those acts to result in contact or the apprehension of them by Timberlake.

44.     As a direct and proximate result of Carnival's actions, Timberlake suffered and continues to suffer emotional distress, humiliation, embarrassment and damage to his reputation.

## COUNT FIVE - BATTERY

45.     Timberlake re-alleges Paragraphs 1 through 24 of this Complaint as though stated herein in full.

46.     Carnival's actions in intentionally forcibly restraining and sedating Timberlake were done against Timberlake's will.

47.     As a direct and proximate result of Carnival's actions, Timberlake suffered and continues to suffer emotional distress, humiliation, embarrassment and damage to his reputation.

10

## COUNT SIX - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

48.    Timberlake re-alleges Paragraphs 1 through 24 of this Complaint as though stated herein in full.

49.    Carnival's actions in forcibly detaining Timberlake for an extended period and Carnival's actions in physically restraining and sedating Timberlake by the involuntary administration of sedative injections when he demanded to leave his windowless cabin where he had been forcibly detained against his will for several days caused emotional distress to Timberlake.

50.    As a direct and proximate result of Carnival's actions, Timberlake suffered and continues to suffer emotional distress, humiliation, embarrassment and damage to his reputation.

### PRAYER FOR RELIEF

WHEREFORE, Timberlake respectfully requests that Judgment be entered for:

(a)    Damages in the form of any pay, wages, salary, employment benefits or other compensation denied or lost by the foregoing acts.

(b)    Prejudgment interest at the prevailing rate from the date he was terminated, to the Judgment on the Award of pay, wages, salary, employment benefits or other compensation and actual monetary losses sustained by Timberlake as a result of the foregoing acts.

11

( c )     Post-Judgment interest.

(d)     Compensatory damages to the maximum extent allowable under the law.

(e)     Punitive damages to the maximum extent allowable under the law.

(f)     Declaring the acts and practices complained of herein are in violation of Timberlake's rights as secured by the Florida Civil Rights Act and the Americans with Disabilities Act as Amended.

(g)     Front pay or reinstatement in lieu of front pay.

(h)     An award of reasonable attorneys' fees and costs.

(i)     All other just, equitable and proper relief to which Timberlake is entitled under the circumstances.

## DEMAND FOR JURY TRIAL

The Plaintiff, Aaron Timberlake, respectfully requests a trial by jury on all issues so triable.

Dated:       September 28, 2018       Respectfully Submitted,

*/s/ Anthony V. Falzon*
Anthony V. Falzon P.A.
12000 Biscayne Boulevard
Suite 702
Miami, FL 33181
Tel: (786) 703 4181
Fax: (786) 703 2961
E-mail: tony@anthonyfalzon-law.com

12

13

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 2018-033220-CA-01

AARON TIMBERLAKE,

       Plaintiff,

vs.

CARNIVAL CORPORATION,
a foreign for profit corporation,

       Defendant,

_____/

## SUMMONS

**THE STATE OF FLORIDA:**

**COUNTY OF MIAMI-DADE:**

     YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this action on the Defendant:

CARNIVAL CORPORATION
via its Registered Agent NRAI Services Inc.,
1200 South Pine Island Road
Plantation, FL 33324

     The Defendant is hereby required to serve written defenses to the Complaint or petition on Plaintiff's attorney, to-wit:

1

**ANTHONY V. FALZON ESQ.**
**THE LAW OFFICES OF ANTHONY V. FALZON P.A.**
**12000 BISCAYNE BOULEVARD**
**SUITE 702**
**MIAMI, FL 33181**
**Tel: (786) 703 4181**
**Fax. (786) 703 2961**
**E-Mail: tony@anthonyfalzon-law.com**

within twenty (20) days after service of this summons upon that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED this _____

HARVEY RUVIN,
as Clerk of said Court

By:   _____
                                    as Deputy Clerk

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the clerk of this Court. A phone call will not protect you. Your written response, including the above-referenced case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken thereafter taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, it should be filed with the Court, located at:

11th Judicial Circuit of Florida

2

73 West Flagler Street
Miami, Florida 33130

the same time you file your written response to the Court, you must also mail or take a copy of
your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 días, contando a partir del recibo de esta
notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una
llamada telefónica no le protegerá.  Si usted desea que el tribunal considere su defensa, debe
presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes
interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser
despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.
Existen otros requisitos legales.   Si lo desea, puede usted consultar a un abogado
inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia
legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, la misma deberá ser radicada con la Corte
localizada:

11th Judicial Circuit of Florida
73 West Flagler Street
Miami, Florida 33130

Al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o
entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's
Attorney" (Demandante ó Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaires ont été entreprises contre vous.  Vous avez 20 jours consécutifs a
partir de la date de l'assignation de cette citation pour déposer une réponse écrite a la plainte ci-
jointe auprès de ce tribunal.  Un simple coup de téléphone  est insuffisant pour vous protéger.
Vous étes obliges de déposer votre réponse écrite, avec mention du numéro de dossier ci-dessus
et du nom des parties nommées ici, si vous souhaitez que el tribunal entende votre cause.  Si
vous ne déposez pas votre réponse écrite dans le relai requis, vous risquez de perdre la cause
ainsi que votre salaire, votre argente t vous biens peuvent entre saisis par la suite, sans aucun
préavis ultérieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requérir les
services immédiats d'un avocat Si vous ne connaissez pas d'avocat, vous pourriez téléphoner a
un service de référence d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de
téléphones).

3

Si vous choisissez de déposer vous-même une réponse écrite, il vous faudra également, en même temps que cette formalité, faire parvenir ou expédier une copie de votre réponse écrite au « Plaintiff/Plaintiff's Attorney » (Plaignant ou a son avocat) nomme ci-dessous.

11th Judicial Circuit of Florida
73 West Flagler Street
Miami, Florida  33130

EXPLANATION

The Summons form for personal service on individuals is to be used for service on individuals under the following provisions: Florida Statutes 48.031 (service of process generally) 48.041 (service on minors), 48.042 (service on incompetents), 48.051 (service on state prisoners), 48.103 (service of process in action for possession of residential premises), and 48.194 (personal service outside the state).

4

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 2018-033220-CA-01

AARON TIMBERLAKE,

        Plaintiff,

vs.

CARNIVAL CORPORATION,
a foreign for profit corporation,

        Defendant,

_____/

**SUMMONS**

**THE STATE OF FLORIDA:**

**COUNTY OF MIAMI-DADE:**


      YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this action on the Defendant:

CARNIVAL CORPORATION
via its Registered Agent NRAI Services Inc.,
1200 South Pine Island Road
Plantation, FL 33324


      The Defendant is hereby required to serve written defenses to the Complaint or petition on Plaintiff's attorney, to-wit:

1

**ANTHONY V. FALZON ESQ.**
**THE LAW OFFICES OF ANTHONY V. FALZON P.A.**
**12000 BISCAYNE BOULEVARD**
**SUITE 702**
**MIAMI, FL 33181**
**Tel: (786) 703 4181**
**Fax. (786) 703 2961**
**E-Mail: tony@anthonyfalzon-law.com**

within twenty (20) days after service of this summons upon that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

10/4/2018

DATED this _____

HARVEY RUVIN,
as Clerk of said Court

By: _____ as Deputy Clerk

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the clerk of this Court. A phone call will not protect you. Your written response, including the above-referenced case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken thereafter taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, it should be filed with the Court, located at:

11th Judicial Circuit of Florida

2

73 West Flagler Street
Miami, Florida 33130

the same time you file your written response to the Court, you must also mail or take a copy of
your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente.   Tiene 20 días, contando a partir del recibo de esta
notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una
llamada telefónica no le protegerá.  Si usted desea que el tribunal considere su defensa, debe
presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes
interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser
despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.
Existen otros requisitos legales.    Si lo desea, puede usted consultar a un abogado
inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia
legal que aparecen el la guía telefónica.

Si desea responder a la demanda por su cuenta, la misma deberá ser radicada con la Corte
localizada:

11th Judicial Circuit of Florida
73 West Flagler Street
Miami, Florida 33130

Al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o
entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's
Attorney" (Demandante ó Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaires ont été entreprises contre vous.  Vous avez 20 jours consécutifs a
partir de la date de l'assignation de cette citation pour déposer une réponse écrite a la plainte ci-
jointe auprès de ce tribunal.  Un simple coup de téléphone  est insuffisant pour vous protéger.
Vous étés obliges de déposer votre réponse écrite, avec mention du numéro de dossier ci-dessus
et du nom des parties nommées ici, si vous souhaitez que el tribunal entende votre cause.  Si
vous ne déposez pas votre réponse écrite dans le relai requis, vous risquez de perdre la cause
ainsi que votre salaire, votre argente t vous biens peuvent entre saisis par la suite, sans aucun
préavis ultérieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requérir les
services immédiats d'un avocat Si vous ne connaissez pas d'avocat, vous pourriez téléphoner a
un service de référence d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de
téléphones).

3

Si vous choisissez de déposer vous-même une réponse écrite, il vous faudra également, en même temps que cette formalité, faire parvenir ou expédier une copie de votre réponse écrite au « Plaintiff/Plaintiff's Attorney » (Plaignant ou a son avocat) nomme ci-dessous.

11th Judicial Circuit of Florida
73 West Flagler Street
Miami, Florida 33130

EXPLANATION

The Summons form for personal service on individuals is to be used for service on individuals under the following provisions: Florida Statutes 48.031 (service of process generally) 48.041 (service on minors), 48.042 (service on incompetents), 48.051 (service on state prisoners), 48.103 (service of process in action for possession of residential premises), and 48.194 (personal service outside the state).

4