UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:18-cv-24250-COOKE

AARON TIMBERLAKE,

       Plaintiff,

vs.

CARNIVAL CORPORATION,
a foreign for profit corporation,

       Defendant.
_____/

**DEFENDANT, CARNIVAL CORPORATION'S
RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM**

Defendant, Carnival Corporation ("Defendant"), in full compliance with the Court's October 30, 2018 Order Regarding Court Practices and Procedures, hereby files its response to the Statement of Claim filed by Plaintiff, Aaron Timberlake ("Plaintiff"). Defendant denies that Plaintiff was a victim of discrimination, denies that Plaintiff is entitled to the relief he requests, and states:

Unbeknownst to Defendant, on May 11, 2015, just a few weeks prior to boarding the Carnival Freedom, Plaintiff presented to a mental health center for psychiatric care. Based on records later obtained, Plaintiff reported at that time experiencing insomnia, mood disorder and "paranoid delusions" similar to an episode he had apparently experienced in his teens and for which he had been hospitalized. Notwithstanding his medical state and without disclosing these events to Defendant, Plaintiff boarded the Freedom on May 23, 2015.

On May 31, 2015, the first day of Plaintiff's second voyage, Plaintiff failed to appear for his evening shift, and was found in a guest area watching a movie. When he refused to present to

1

the Hotel Director's office, Plaintiff was asked to report to the medical center. Upon presentation with one of Defendant's shipboard physicians, Plaintiff denied any past medical, surgical, or other significant history and denied taking any medication. He further advised that he was simply tired and "wanted the night off of work." Based on his presentation, the physician suspected underlying psychiatric problems and recommended a full psychiatric assessment upon return to a U.S. port. At that point, Plaintiff was escorted by Security to his cabin to rest.

As the evening progressed, Plaintiff's behavior became more erratic. Beginning at 7:30 p.m., Plaintiff placed multiple 911 calls from his cabin claiming: "ISIS on board, I repeat ISIS on board, ISIS on board, ISIS on board." When security responded, Plaintiff quickly became aggressive and began banging his head against the cabin wall. At that point, security restrained him and called for a physician consult. Upon the physician's arrival, Plaintiff was sedated and taken to the brig for the night, whereupon his strange and paranoid behavior continued.

For the next six days, until the ship returned to a U.S. port, Plaintiff remained in the brig and then an isolation room in the ship's medical center. Throughout this period, he continued to exhibit strange behavior, including removing the stuffing from his pillow, attempting to destroy his mattress, squatting on the floor, screaming irrational and paranoid statements, etc. As a result, he had to be periodically sedated and kept in isolation. During this time, Defendant was in regular contact with Plaintiff's mother, who disclosed, for the first time, that Plaintiff was hospitalized for similar reasons at age 18.

Once the Freedom returned to the U.S., Plaintiff was immediately taken to the hospital for a full psychiatric evaluation. Thereafter, he commenced outpatient psychiatric treatment. Once all medical records were collected and reviewed, it was discovered that Plaintiff had made material omissions and misstatements on both Physical History Forms he completed during his

2

employment and that even a May 2012 letter from his physician, which did disclose an earlier diagnosis of "mood disorder and insomnia," albeit one which purportedly had resolved, failed to disclose Plaintiff's prior hospitalization for psychiatric treatment. As a result of his material omissions and misstatements, consistent with Defendant's policy – as stated on the Physical History Form immediately above his Plaintiff's signature, Plaintiff's employment was terminated. However, even if he had not been terminated for such reason, Plaintiff could not have been returned to work consistent with maritime law, which requires that seafarers working aboard foreign-flagged vessels be certified as "fit" for duty at sea and capable, at all times, of safely and effectively performing their routine and emergency duties on board the vessel.

Consistent with the "Guidelines on The Medical Examinations of Seafarers" published by the International Labor Office (the "Guidelines"), a single severe episode of psychosis is incompatible with reliable performance of routine and emergency duties safely or effectively for a minimum of two years after the episode. Moreover, multiple severe episodes can temporarily disqualify a person from working at sea for a minimum of five years following the last episode, if not permanently.  Given the psychotic episode Plaintiff suffered at sea and his past medical history (including what appear to be two prior acute episodes of psychosis), Plaintiff could not have been medically cleared to return to work at sea consistent with the Guidelines until at least May/June 2020, five years after the incident that occurred on the Freedom, and then only if he suffered no further episodes and could demonstrate that he had no residual symptoms and required no medication related to the condition during the most recent two years.

To be certain, to release Plaintiff to return to sea immediately following the event aboard the Freedom would have been a reckless act and would have to put him in danger, not to mention Defendant's other crew members and passengers. Moreover, doing so would have rendered

3

Carnival out of compliance with the Maritime Labour Convention (2006) and the International Convention on Standards Training Certification and Watchkeeping for Sefarers, 1978 ("STCW").

Date:   November 30, 2018                    Respectfully submitted,

                                                             By: */s/ Melissa S. Zinkil*
                                                             James S. Bramnick (Florida Bar No. 190994)
                                                             Melissa S. Zinkil (Florida Bar No. 0653713)
                                                             **AKERMAN LLP**
                                                             Three Brickell City Centre, Suite 1100
                                                             98 SE Seventh Street
                                                             Phone:  (305) 374-5600/Fax: (305) 374-5095
                                                             Primary Email:  james.bramnick@akerman.com
                                                             Primary Email:  melissa.zinkil@akerman.com
                                                             Secondary Email:  vivian.lopez@akerman.com
                                                             Secondary Email:
                                                             michelle.reynolds@akerman.com
                                                             *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 30, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document, ***along with documents supporting Defendant's defenses in this action***, is being served this day on all counsel and parties of record identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                             By: */s/ Melissa S. Zinkil*
                                                             Melissa S. Zinkil
                                                            Florida Bar No. 0653713

## **SERVICE LIST**

Anthony V. Falzon
ANTHONY V. FALZON P.A.
12000 Biscayne Boulevard, Suite 702
Miami, FL 33181
Phone: (786) 703-4181/Fax: (786) 703-2961
E-Mail: tony@anthonyfalzon-law.com

*Counsel for Plaintiff*

*Service via CM/ECF and E-Mail*