UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:18-cv-24250-COOKE

AARON TIMBERLAKE,

    Plaintiff,

vs.

CARNIVAL CORPORATION,
a foreign for profit corporation,

    Defendant,
_____/

**PLAINTIFF'S CROSS NOTICE OF DEPOSITION AND FOURTH RE-NOTICE OF VIDEOTAPED DEPOSITIONS**

*(If an interpreter is required please notify undersigned counsel within five days of service of this notice)*

TO:  Melissa S. Zinkil Esq. FBN 0653713
      James S. Bramnick Esq. FBN 190994
      AKERMAN LLP
      Three Brickell City Center, Suite 1100
      98 S.E. Seventh Street
      Miami, FL 33131
      Phone (305) 374 5600
      Fax (305) 374 5095
      E-mail: melissa.zinkil@akerman.com
      E-mail: james.bramnick@akerman.com
      E-mail: vivian.lopez@akerman.com
      E-mail: michelle.reynolds@akerman.com
      *Attorneys for the Defendant*

PLEASE TAKE NOTICE that the undersigned will take the deposition of the Kathleen Timberlake and the videotaped depositions of the following persons pursuant to Fed.R.Civ.P. 26 and 30., on the dates and at the times and locations indicated below before a notary public or person authorized by law to take depositions in the State of Florida:

| **Thursday, April 11, 2019** | **Time** | **Location** |
|---|---|---|
| Rule 30(b)(6) representative for the Defendant to testify in person as to the following: | 9:30 a.m. | AKERMAN LLP<br>Three Brickell City Center,<br>Suite 1100<br>98 S.E. 7th Street<br>Miami, FL 33131 |

a. The Plaintiff's personnel file including his performance evaluations, promotions, demotions and transfers and all disciplinary action including but not limited to termination and pay and benefits.

b. The company's policies re all disciplinary action including but not limited to termination taken against the Plaintiff in effect during the period of Plaintiff's employment with the Defendant.

c. The company's policies regarding discrimination, leave policy including FMLA leave, accommodation of a disability under the ADA and harassment in effect during the period of Plaintiff's employment with the Defendant.

d. The investigation into the allegations contained in the Charge of Discrimination filed by the Plaintiff with the EEOC and the response provided to the EEOC.

e. The Defendant's policy regarding use of force, detention and incarceration in the ship's brig, sedation and restraint of crew members.

f. The Defendant's use of the policies referenced in (e) above as they were applied to the Plaintiff.

g. The background check and other pre-employment procedures including medical investigation conducted prior to the employment of the Plaintiff and all of the Defendant's policies regarding same during the time of Plaintiff's employment with the Defendant.

h. The decision to deny the Plaintiff coverage for pre-existing conditions.

i. Comparator incidents for other employees who were involved in similar incidents to the incidents for which the Plaintiff was disciplined including termination.

j. The Plaintiff's pay and benefits including health insurance, 401(k) in order to calculate the Plaintiff's lost pay and benefits.

k. The Affirmative Defenses raised by the Defendant including but not limited to the Affirmative Defense holding that the Defendant was justified in terminating Plaintiff's employment because he did not meet international rules and standards.

l. The insurance policies and coverage (whether self insurance, excess insurance, primary insurance, and secondary insurance) available to satisfy all or part of any claims brought against the Defendant by the Plaintiff.

m. The financial coverage available or remaining on any policy of insurance to the extent that any of the insurance policies are "wasting policies" (insurance coverage that is depleted by attorney's fees), or otherwise have been reduced by the payment of claims, or for any other reason.

**Thursday, April 4, 2019**

Monica Barrios               10 a.m.           Universal Court Reporting
Physical Review Coordinator                   44 West Flagler Street
Carnival Corporation                          Suite 2000
c/o Akerman LLP                               Miami, FL 33130

3

| | | |
|---|---|---|
| Santiago, Sandra<br>Crew Medical Coordinator<br>Carnival Corporation<br>630 Falcon Avenue<br>Miami, Springs, FL 33166 | 3:30 p.m[1] | Same location |

**Monday, April 8, 2019**

| | | |
|---|---|---|
| Kathleen Timberlake | 9:30 a.m. | AKERMAN LLP<br>350 East Las Olas Boulevard<br>Suite 1600<br>Fort Lauderdale, FL 33301 |

**Wednesday, April 10, 2019**

| | | |
|---|---|---|
| Gabriela Geletu<br>Former Ship Nurse<br>Carnival Corporation<br>9133 S.W. 227 Lane<br>Cutler Bay, FL 33190 | 10 a.m. | Universal Court Reporting<br>44 West Flagler Street<br>Suite 2000<br>Miami, FL 33130 |

**Thursday, April 11, 2019**

| | | |
|---|---|---|
| Scott Nelson<br>Cruise Director/Entertainment<br>Carnival Corporation<br>c/o Akerman LLP | 9:30 a.m. | Universal Court Reporting<br>44 West Flagler Street<br>Suite 2000<br>Miami, FL 33130 |

**Saturday, April 20, 2019**

| | | |
|---|---|---|
| Skip Lyons<br>Cruise Director/Entertainment<br>Carnival Corporation<br>c/o AKERMAN LLP | 9:30 a.m. | AKERMAN LLP<br>98 S.E. 7th Street<br>Suite 1100<br>Miami, FL 33131 |

---

[1] The deposition of Ms. Sandra Santiago was moved from 2 p.m. to 3:30 p.m. at the request of counsel for the Defendant on the implicit understanding that the witness would allow her deposition to be completed even if it went beyond 5 p.m.

**Awaiting Date and specific location from Defendant**

| | |
|---|---|
| Jenny Baxter<br>Cruise Director/Freedom<br>Carnival Corporation<br>c/o AKERMAN LLP | By telephone |

**Tuesday, April 16, 2019**[2]

| | | |
|---|---|---|
| Juandalyn Peters M.D.<br>4801 South University Drive,<br>Suite 204<br>Davie, FL 33328 | 2 p.m. | Juandalyn Peters M.D.<br>Juandalyn Peters M.D., P.A.<br>4801 South University Drive<br>Suite 204<br>Davie, FL 33328 |

These depositions are being taken for the purposes of discovery, for use a trial, or both, or for such other purposes as are permitted under the applicable and governing rules. You are hereby notified that Plaintiff's counsel will independently audiorecord the depositions separate and apart from the recording created by the court reporter. These depositions will continue from day to day until completed.

In compliance with the Americans with Disabilities Act of 1990 as amended, you are hereby notified that if you require special accommodations due to a disability, you must notify undersigned counsel no later than seven (7) days prior to the date your appearance is required pursuant to this notice to ensure that reasonable accommodations are available.

---

[2] Dr. Peters deposition was rescheduled at the request of defense counsel and with her consent to a date and time falling after discovery cut off in this matter.

PLEASE GOVERN YOURSELVES ACCORDINGLY.

Dated this 3rd day of April, 2019.

> Respectfully Submitted,
>
> /s/ *Anthony V. Falzon*
> ANTHONY V. FALZON, ESQUIRE
> Fla. Bar No. 69167
> ANTHONY V. FALZON P.A.
> 12000 Biscayne Boulevard
> Suite 702
> Miami, FL 33181
> Tel: (786) 703 4181
> Fax: (786) 703 2961
> E-mail: tony@anthonyfalzon-law.com
> *Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 3, 2019 a true and correct copy of the foregoing notice has been furnished to the above named addressees by email.

> /s/ *Anthony V. Falzon*
> ANTHONY V. FALZON

cc:   Universal Court Reporting